In the Matter of the Claim of KATHLEEN KANE and Others, Respondents, against HARRY B. WEATHERWAX and Another, as Receivers for the UNITED TRACTION COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits. The appellants raise the question that the accident did not arise out of the employment. Deceased was employed as inspector and supervisor of the traction company in Troy, N. Y. His duties, among other things, were to see that the schedules as to the operation of cars were maintained, " To see the cars are spaced and run on schedule as far as possible," and to look after any infraction of the company rules. He was subject to call at all hours, and on Saturday nights he worked until around one-thirty or two o'clock. His duties called him over the lines of the company. When on duty he wore " sort of a motorman's hat," and if necessary, would take the place of any employee like the motorman or conductor. While he was assigned to a definite section of the company's lines and was not supposed to go beyond this section " unless he sees something," it was not unusual for him to work outside of his section. On Saturday night, April 30,1932, deceased was struck by an automobile, sustaining injuries from which he died. He told the operator of the car that he had " just got off that car to inspect." He said he did it to inspect the car. Later in the hospital he told his son that he was working at the time he was struck. The Board has found that the accident arose out of and in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of EDWARD COLLIER, Respondent, v. P. J. MEADE ENG. & CONSTR., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from award by State Industrial Board of disability benefits under the Workmen's Compensation Law made and entered in the office of the Board on November 13, 1935. Claimant was injured on October 20, 1928. On June 27, 1930, the case was closed with a lump sum award which would have extended the regular weekly payments of compensation to May 21, 1931. In 1934 claimant wrote letters to the Industrial Board complaining of the continuance of his injuries and was advised by the Board to file an attending physician's report and that upon its receipt a reopening of his case would be considered. He filed such report and on December 12, 1934, the case was reopened and the award here appealed from was made after hearings. The appellants contend that the award, if any, should have been made against the special fund under section 25-a of the Workmen's Compensation Law, and that the finding of the Industrial Board that on October 25, 1934, the claimant had filed an application for compensation is unsupported by any evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.